UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **LONZO SMITH** | * | **CIVIL ACTION NO. 13-2546** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **JOEL TAVERA-SERVIN, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

MEMORANDUM RULING

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand and associated request for costs and fees [doc. # 9] filed by Plaintiff Lonzo Smith.[1] The motion is opposed. For reasons stated below, the motion is **GRANTED**.

Background

On July 18, 2013, Lonzo Smith filed the instant petition for damages in the 1st Judicial District Court, for the Parish of Caddo, State of Louisiana, against Defendants, Joel Tavera-Servin; Tavera-Servin's employer, Tesco Corporation US ("Tesco"); and Tesco's insurer, Zurich American Insurance Company ("Zurich"). (Petition). Smith alleges that on or about July 26, 2012, he was a passenger in a car that was struck by a Tesco-owned 2012 Chevrolet Silverado, that was driven by Tavera-Servin. As a result of the accident, Smith

> sustained serious injuries to his body, back and neck, together with past and future mental anguish and physical suffering; past and future expenses for medical care; past and future loss of earnings and impaired earning capacity; expense for

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

transportation to and from health care providers; [and] loss of enjoyment of life . . . .

(Petition, IX).

Smith further alleged, however, that his damages, exclusive of interest and costs, did *not* exceed $75,000. *Id.*, ¶ X.

Nonetheless, on August 26, 2013, all three defendants removed this matter to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). On September 23, 2013, Plaintiff filed the instant motion to remand the case to state court on the basis that the amount in controversy does not exceed $75,000, and therefore the court lacks subject matter jurisdiction. Defendants filed their opposition on October 17, 2013. Briefing is now complete; the matter is before the court.

## Law and Analysis

### I. Amount in Controversy

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). Thus, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Id*. Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a).

In this case, Defendants invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Plaintiff does not contest that the parties are diverse; rather, he disputes Defendants' contention that the amount in controversy exceeds the jurisdictional minimum.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
>     \*        \*        \*
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

When, as permitted above, the amount in controversy is derived from the notice of removal, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1446(c)(2)(B); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction).[2]

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound*

---

[2] When resolving a motion to remand, it is axiomatic that the court looks at jurisdictional facts as they exist at the time the case was removed. *Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (citing, *ANPAC, supra*).

*Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Removal cannot be supported by conclusory allegations, however. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) (citations omitted).

As recounted earlier, Smith's petition included an allegation that, at the time of filing, his damages, exclusive of interest and costs, did not exceed $75,000. (Petition, ¶ X). Plaintiff's allegation is not binding, however, because under Louisiana law, a plaintiff is permitted to recover more than he has demanded. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (citing La. Code Civ. Proc. Art. 862)); *see also In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 389 (5th Cir. 2009). Consequently, Defendants may rebut Plaintiff's allegation regarding damages by demonstrating by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum. 28 U.S.C. § 1446(c)(2)(B); *De Aguilar, supra*.

Unless removing defendants make the requisite showing, however, plaintiff's allegation remains presumptively correct. *De Aquilar, supra*. Stated differently, "whenever the defendant has established by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount . . ." then plaintiff still may defeat jurisdiction by establishing that it is legally certain that his recovery will not exceed the amount stated in his complaint. *In re 1994 Exxon Chem. Fire, supra* (citations and internal quotation marks omitted).

In the case at bar, the notice of removal alleged in conclusory fashion that the amount in controversy exceeded $75,000 because, despite Plaintiff's damages allegation, he failed to establish to a legal certainty that his damages do not exceed the jurisdictional threshold. (Notice

Case 5:13-cv-02546-EEF-KLH Document 13 Filed 11/07/13 Page 5 of 8 PageID #: 74

of Removal, ¶ 12). However, Defendants made no effort in their notice of removal to demonstrate that the amount in controversy actually exceeds $75,000. *Id*. Moreover, a removing defendant's bare allegation that the amount in controversy exceeds $75,000 does not suffice. *See Deamer v. TA Operating, LLC*, Civ. A. No. 12-2625, 2012 WL 5877982 (W.D. La. Nov. 20, 2012).

In their opposition memorandum, Defendants proffer a more determined effort to support amount in controversy. Collecting cases where the plaintiffs ultimately recovered awards in excess of the federal jurisdictional minimum stemming from injuries that purportedly resemble those alleged by Smith, Defendants contend that it is facially apparent from the instant petition that the amount in controversy exceeds $75,000. Here, however, as in *Simon v. Wal-Mart Stores, Inc.*, Smith's petition does not include damages allegations for "loss of property, emergency transportation, hospital stays, specific types of medical treatment . . . functional impairments, or disability." *See Simon, supra*.[3]

To the extent that Defendants suggest that Smith's damages claims for mental anguish and loss of enjoyment of life suffice to propel this case beyond *Simon* and into the more favorable gravitational reach of *Gebbia v. Wal-Mart Stores, Inc.*, the court notes that any such effort is throttled by Plaintiff's counsel's January 28, 2013, settlement demand letter sent to Sedgwick Claims Management Services, Inc., in which he stated that Smith's medical damages totaled $8,624.54, and offered to compromise the matter for $29,391.00. (Pl. M/Remand, Exh. A). While Defendants strive to downplay the efficacy of this settlement demand, the offer

---

[3] In *Simon*, of course, the Fifth Circuit determined that the plaintiff's damages allegations did not support a finding that the amount in controversy exceeded $75,000. *Simon, supra*.

5

represents but 40 percent of the minimum threshold required to trigger federal jurisdiction. Moreover, it is unlikely that Plaintiff's counsel would have offered to compromise the matter at such an early juncture unless he was confident that the settlement demand compensated Plaintiff for all of his damages.

Instead, when Plaintiff's settlement offer is coupled with his consistent allegation that his damages do not exceed $75,000, the court is unable to conclude from the petition that it is "facially apparent" that the amount in controversy exceeds the jurisdictional minimum. Furthermore, Defendants have not set forth any facts in controversy, via affidavit or otherwise, to establish the threshold sum. As a result, Defendants have failed to establish federal subject matter jurisdiction. Remand is required. 28 U.S.C. § 1447(c).[4]

## II.    Costs and Fees

Plaintiff also seeks an award of costs and attorney's fees as a result of Defendants' improvident removal. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 126 S.Ct. 704 (2005).

In this case, Defendants' efforts to establish the requisite jurisdictional minimum were

---

[4] All is not quite lost however. Defendants may take some solace in the thought that they may re-remove this matter to federal court if, at a later date, it becomes "unequivocally clear and certain" that the amount in controversy does exceed $75,000. *See Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 1515026, *8 n5 (S.D. Miss. May 29, 2009).

represents but 40 percent of the minimum threshold required to trigger federal jurisdiction. Moreover, it is unlikely that Plaintiff's counsel would have offered to compromise the matter at such an early juncture unless he was confident that the settlement demand compensated Plaintiff for all of his damages.

Instead, when Plaintiff's settlement offer is coupled with his consistent allegation that his damages do not exceed $75,000, the court is unable to conclude from the petition that it is "facially apparent" that the amount in controversy exceeds the jurisdictional minimum. Furthermore, Defendants have not set forth any facts in controversy, via affidavit or otherwise, to establish the threshold sum. As a result, Defendants have failed to establish federal subject matter jurisdiction. Remand is required. 28 U.S.C. § 1447(c).[4]

## II.    Costs and Fees

Plaintiff also seeks an award of costs and attorney's fees as a result of Defendants' improvident removal. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 126 S.Ct. 704 (2005).

In this case, Defendants' efforts to establish the requisite jurisdictional minimum were

---

[4] All is not quite lost however. Defendants may take some solace in the thought that they may re-remove this matter to federal court if, at a later date, it becomes "unequivocally clear and certain" that the amount in controversy does exceed $75,000. *See Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 1515026, *8 n5 (S.D. Miss. May 29, 2009).

insufficient. As discussed above, the notice of removal remained conclusory and unsupported. In addition, Defendants were not required to remove the case when they did. To trigger the initial 30 day removal period under 28 U.S.C. § 1446(b)(1), the initial pleading must include a "specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013). Not only did this case *not* include a specific allegation that damages exceeded the federal jurisdictional amount, it included an allegation that the damages *were less* than the jurisdictional threshold.

One of the principal purposes behind *Chapman*'s bright-line rule was to obviate defendants' need to remove cases prematurely in an effort to ensure that they did not accidentally waive their right to a federal forum. *Chapman, supra*. Nonetheless, despite the protections afforded by *Chapman*, Defendants removed this case anyway. Removal under these circumstances was not objectively reasonable.

In deciding the proper measure of fees and costs, the court may award the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco*, 111 F.3d 30, 32 (5th Cir. 1997). Other than filing the instant motion, however, there is no evidence in the record that Smith incurred any additional fees or costs as a consequence of Defendants' improvident removal.

Upon review of the motion to remand and supporting memorandum, the court finds that no more than three billable hours of counsel's time is justified. Moreover, counsel did not submit any evidence to establish a reasonable billing rate. In the absence of any evidence in this regard, the court finds that $175/hr. represents a reasonable rate under the circumstances.

Accordingly, the court will award Plaintiff $525 ($175/hr. x 3) for costs and fees incurred as a result of the improvident removal. 28 U.S.C. § 1447(c).

### Conclusion

For the foregoing reasons,

IT IS ORDERED that the motion to remand and associated request for costs and fees [doc. # 9] filed by Plaintiff Lonzo Smith is hereby GRANTED; by separate judgment, the case shall be REMANDED to the First Judicial District Court for the Parish of Caddo, State of Louisiana.

IT IS FURTHER ORDERED that costs and fees totaling $525.00 are assessed against Defendants and in favor of Plaintiff. Defendants shall remit this sum to Plaintiff, through his counsel of record, within 14 days from the date of this ruling (unless an appeal is taken).

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 7th day of November 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE